**STATEMENT OF FACTS**

On April 30, 2024, Officers Jeffrey Clermont (hereinafter referred to as "your affiant") and Isaiah Powell of the Metropolitan Police Department were on routine patrol in the First District, wearing full police uniform and operating a marked car.

At approximately 1:33 p.m., your affiant and Officer Powell observed a gray Toyota bearing a Virginia tag traveling westbound in the 1800 block of Benning Road Northeast. The Toyota had an inoperable left brake light. Your affiant searched the tag in a law enforcement database, which indicated that the car was registered to **DAMONI LAMONT CARMON**. Your affiant then searched **CARMON** in a law enforcement database, which indicated that **CARMON** had prior arrests, including for firearms-related offenses. Officer Powell activated the scout car's lights and sirens to effect a traffic stop.



*Still from Officer Powell's body-worn camera showing inoperable brake light (circled in red)*

The Toyota's driver, later identified as **DAMONI LAMONT CARMON**, stopped the car in the 1700 block of Benning Road Northeast, Washington, D.C.

Upon approaching the Toyota, your affiant observed excessive movement by **CARMON**. Officer Powell approached **CARMON** on the driver's side, advised him of the traffic infraction, and requested his license, registration, and proof of insurance. **CARMON** was able to provide only his District of Columbia Driver License. **CARMON** had one passenger, a woman, who was seated in the front passenger seat. The passenger began looking through papers in the glove box to find the vehicle's registration. Officer Powell asked if it could be in the center console, and the passenger responded, "No." Officer Powell suggested checking the center console. The passenger quickly opened and closed the console's top compartment and said, "No. It ain't in there." The

passenger then began searching her phone for a photo of the registration. Officer Powell suggested the passenger take a closer look in the center console, including its lower compartment. The passenger responded, "I just checked it for you. It's not in there."

Meanwhile, your affiant was at the passenger side of the vehicle and smelled a strong odor of alcohol coming from inside the vehicle. Your affiant also observed an opened and partially consumed bottle of Patron tequila in an open bag in the backseat.



*Still from your affiant's body-worn camera showing bottle of Patron (circled in red)*

**CARMON** and his passenger were ordered to step out of the vehicle. **CARMON** and his passenger initially refused to step out of the vehicle despite officers' repeated commands. **CARMON** finally stepped out of the vehicle, and Officer Powell explained that **CARMON** possessed an open container of alcohol in the back of the car. **CARMON** responded, "It's in a bag." Officer Powell placed **CARMON** in handcuffs and told him he was not under arrest at that time. The passenger also stepped out of the vehicle and was placed in handcuffs. Officer Powell asked **CARMON** if there was other alcohol in the car, and **CARMON** responded, "That's the only thing." The officers asked if there was anything else in the car that could potentially hurt them. **CARMON** responded only, "How anybody get hurt? We in cuffs."

The officers then searched the vehicle. Officer Powell opened the Toyota's center console and observed a Glock handgun. The handgun was determined to be a black Glock 23, .40 caliber firearm with one round of ammunition in its chamber and thirteen (13) rounds of ammunition in its magazine.



*Handgun in center console of CARMON's Toyota*



*Glock firearm, magazine, and .40 caliber ammunition recovered from CARMON's Toyota*

During the search of the vehicle, officers also recovered the open container of Patron tequila. Your affiant poured the remaining alcohol into the street and seized the bottle as evidence.



*Recovered bottle of Patron tequila*

**CARMON** was placed under arrest for possession of an open container of alcohol and firearms offenses, and the case was referred for further investigation.

The recovered firearm was swabbed for potential DNA. The swabs from the firearm and a buccal swab obtained from **CARMON** were submitted to the FBI Laboratory for testing and analysis. The gun was determined to contain male DNA interpreted as originating from four individuals. The DNA results for the gun are 830 octillion times more likely if **CARMON** and three unknown, unrelated people are contributors than if four unknown, unrelated people are contributors.

**CARMON** is prohibited from possessing a firearm or ammunition. This is because, on October 29, 2021, **CARMON** was convicted of assault with intent to kill and carrying a pistol without a license, in the Superior Court of the District of Columbia, case number 2019 CF1 007079. For the assault with intent to kill conviction, **CARMON** was sentenced to a term of 57 months' imprisonment, and for the carrying a pistol without a license conviction, **CARMON** was sentenced to a concurrent term of 18 months' imprisonment. Accordingly, when **CARMON** possessed a loaded firearm on April 30, 2024, he knew he had been previously convicted of offenses punishable by imprisonment for a term exceeding one year.

No firearms or ammunition are manufactured in the District of Columbia. Accordingly, the firearm and ammunition necessarily traveled in interstate commerce before they were recovered from **CARMON**'s vehicle in the District of Columbia on April 30, 2024.

As such, your affiant respectfully submits that probable cause exists to charge **CARMON** with a violation of 18 U.S.C. § 922(g)(1) (unlawful possession of a firearm and ammunition by a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year).

Your affiant has not provided every fact known to him about the investigation but facts sufficient to establish probable cause.

_____
Officer Jeffrey Clermont
Metropolitan Police Department

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on September 13, 2024.

_____
The Honorable G. Michael Harvey
United States Magistrate Judge

5